UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DEBRA S. DEUTSCH SMITH, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-423-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Debra S. Deutsch Smith on November 20, 2020, and Plaintiff's Brief in Support of Summary Judgment [DE 19], filed September 30, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 9, 2021, the Commissioner filed a response, and Plaintiff filed her reply on December 17, 2021. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On April 24, 2018, Plaintiff filed an application for benefits alleging that she became disabled on December 7, 2017. Plaintiff's application was denied initially and upon consideration. On December 9, 2019, Administrative Law Judge ("ALJ") James E. MacDonald held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On February 19, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant meets the insured status requirements through March 31, 2023.

2.    The claimant has not engaged in substantial gainful activity since December

1

       7, 2017, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine; minimal arthritis in left hip; rheumatoid arthritis; obesity; and right shoulder tear.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work except that she can stand/walk up to four hours in an eight-hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; frequently handle with the right upper extremity; occasionally overhead reach with the right upper extremity; occasionally handle with the nondominant left upper extremity; no exposure to extreme cold or extreme heat as part of the job duties; no exposure to wet, slippery or uneven surfaces and no exposure to vibration, unprotected heights, or moving mechanical parts.

6. The claimant is capable of performing past relevant work as an account/terminal manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 7, 2017, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 6]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected". *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must build "'an accurate and logical bridge from the evidence to [the] conclusion'" so that a reviewing court may assess the validity of the agency's final decision and afford [a claimant] meaningful review. *Thomas v. Colvin,*

745 F.3d 802, 806 (7th Cir. 2014).

**III.    Analysis**

Plaintiff argues that the ALJ impermissibly made independent medical conclusions and failed to adequately address Plaintiff's subjective symptoms, and also raises a constitutional challenge to the appointment of the ALJ. The Commissioner argues that the opinion is supported by substantial evidence, that the ALJ properly considered all of Plaintiff's impairments, and that Plaintiff's separation of powers argument is unavailing.

Plaintiff argues that the ALJ's residual functional capacity determination is not supported by substantial evidence because the ALJ made impermissible independent medical conclusions. *See Moreno v. Berryhill*, 882 F.3d 722, 729 (7th Cir. 2018) ("ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions.") (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"). In particular, she argues that the ALJ relied on the opinions of non-examining Disability Determination Services consultants at the reconsideration stage while "acknowledge[ing] that the consultative opinions were inadequate, as additional physical limitations regarding handling were warranted." AR 31. Plaintiff also argues the ALJ reached independent medical conclusions when he determined that Plaintiff's use of a cane was unnecessary and that she suffered no functional limitations stemming from her psychological impairments.

The ALJ determined that Plaintiff could occasionally handle using her left hand. AR 31. "Occasional" is defined for purposes of RFC determinations as up to one third of the work-day. *See Greene v. Saul*, No. 3:19-cv-00687-JD, 2020 U.S. Dist. LEXIS 143669 (N.D. Ind. Aug. 11, 2020). Handle is defined as "seizing, holding, grasping, turning or other working primarily with the whole

hand or hands." *Thorson v. Kijakazi*, No. 21-cv-207-slc, 2022 U.S. Dist. LEXIS 34227, at *8 (W.D. Wis. Feb. 28, 2022). At the hearing, Plaintiff testified that she was unable to lift any weight with her left hand and she could not close her left hand. AR 74. Her medical records reflect that Plaintiff suffered pain in her left arm, AR 546, numbness and tingling in her fingertips, AR 547, grip weakness and a loss of dexterity. AR 1496, 1538. The ALJ found the state agency opinion that Plaintiff could frequently finger bilaterally unpersuasive, but then stated: "I do find the claimant can only occasionally handle with the nondominant left upper extremity due to wasting of the small muscles on the left hand (Exhibit 15F [AR 729-739])." AR 31. Even assuming that his analysis of the medical evidence was accurate, the Court cannot trace the logic between his analysis and his conclusions about Plaintiff's work-related limitations. The ALJ did not set forth the evidence supporting his conclusion that Plaintiff could handle using her left hand.

Adding to the Court's concern that the ALJ substituted his own medical judgment for those of physicians is his failure to account for Plaintiff's use of an ambulatory device. The ALJ noted that Plaintiff frequently used a cane and mentioned numerous physician reports of cane use, but did not incorporate the need for an assistive device in the RFC. Part of the ALJ's reasoning for his determination was that the cane was not prescribed until shortly before the hearing and the prescription did not state the reason the case was prescribed. AR 26, 28. However, there is no requirement for a prescription for a cane at all, as no prescription is required to acquire -- or benefit from -- a cane. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription."). There was evidence that Plaintiff had used a cane for some time prior to the hearing. AR 737, 1169, 1178, 1182, 1603, 1828. Although Plaintiff may not need to use an assistive device at all times, the ALJ completely disregarded her

use of a cane, repeatedly mentioned throughout the record, apparently on the basis of his own medical judgment, and did not include even occasional use of an assistive device in the RFC. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (warning that ALJs should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong") (citing cases); *see also, e.g., Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

Plaintiff also argues that the ALJ erred by failing to properly analyze Plaintiff's subjective symptoms and failed to address the consultative opinions that Plaintiff's pain allegations were substantiated by objective evidence, as well as by the statements of Plaintiff's husband. The ALJ found Plaintiff's statements as to her atrophy were not consistent with the evidence. AR 30. However, as Plaintiff points out, she did not testify that she had muscle atrophy; instead, she testified that her physician suspected atrophy as a cause of her reduced grip strength in her hands. AR 74 and 738. This misinterpretation by the ALJ of Plaintiff's testimony apparently led him, at least in part, to question whether her allegations of pain and subjective symptoms were consistent with medically objective evidence and again leaves the Court unable to trace the logic from the evidence to his conclusions, and error that must be corrected on remand. *See Myles*, 582 F.3d at 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion.")

The ALJ failed to explain his analysis, if any, of Plaintiff's subjective complaints, but merely stated that he had considered them. However, "[a] list of evidence punctuated with a conclusion does not discharge an ALJ's duty to form a logical bridge between the evidence and [her] conclusion that [Plaintiff] has no marked limitations." *Pimentel v. Astrue*, No. 11 CV 8240,

2013 U.S. Dist. LEXIS 2548, at *25 (N.D. Ill. Jan. 8, 2013); *see also Smith v. Astrue*, No. 02 CV 6210, 2011 U.S. Dist. LEXIS 17691, at *31 (N.D. Ill. Feb. 22, 2011) ("cataloguing [the evidence] is no substitute for analysis or explanation").

This case is being remanded for a new determination of the effects of Plaintiff's hand, arthritis, and ambulatory limitations, and the new RFC should incorporate all limitations, including those associated with her mental functioning. The ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion

Because the case is being remanded, the Court need not address the merits of Plaintiff's constitutional argument. Plaintiff requests that the case be remanded to a new ALJ to cure the separation of powers concerns she raises in her brief. The case is being remanded, as she requested, so, without finding that there are any, the Court notes that any defects will be cured. *See Hoot v. Saul*, No. 1:18-CV-296-RLM, 2020 U.S. Dist. LEXIS 254965, at *9 (N.D. Ind. Mar. 23, 2020) *aff'd Hekter v. Saul*, 2021 U.S. App. LEXIS 36160, 2021 WL 5768688 (7th Cir. Ind., May 10, 2021) (remand for a hearing before a constitutionally appointed ALJ will cure any constitutional challenge).

VI. **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Summary Judgment [DE 19] and **REMANDS** this matter for further

proceedings consistent with this opinion.

    SO ORDERED this 3rd day of June, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record